NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230822-U

NOS. 4-23-0822, 4-23-0825 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 4, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| DESMOND J. HANES, | ) | Nos. 23CF609 |
| Defendant-Appellant. | ) | 23CF645 |
| | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice DeArmond concurred in the judgment.
Justice Lannerd specially concurred.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court's order denying pretrial release was not an abuse of discretion.

¶ 2    Defendant, Desmond J. Hanes, appeals the trial court's order denying his pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), which was recently amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (resetting the effective date of the Act to September 18, 2023). Defendant argues that the Act does not allow the State to file a verified petition to deny pretrial release in cases in which a defendant remains in custody after having been ordered released on the condition of depositing security. Alternatively, defendant argues the court erred by finding

that (1) the State proved by clear and convincing evidence he posed a safety threat if released and (2) no conditions could mitigate that threat.

¶ 3        We disagree and affirm.

¶ 4                                I. BACKGROUND

¶ 5        On August 3, 2023, in Rock Island County case No. 23-CF-609, the State charged defendant with armed robbery (720 ILCS 5/18-2(a)(2) (West 2022)), alleging that while armed with a firearm, defendant knowingly took a rifle from the person of Maxwell Doran by the use of force. That offense allegedly occurred on August 1, 2023. Defendant appeared in court on August 18, 2023, at which time the trial court set his bond at $100,000.

¶ 6        On August 18, 2023, in Rock Island County case No. 23-CF-645, the State charged defendant with two counts of aggravated unlawful use of a weapon (AUUW) (720 ILCS 5/24-1.6(a)(1), (a)(3)(A-5), (a)(3)(C), (d)(2) (West 2022)). These offenses were alleged to have been committed on August 17, 2023. The trial court set a $30,000 bail bond on those charges.

¶ 7        Rock Island County case No. 23-CF-645 is docketed in this court as case No. 4-23-0822, and Rock Island County case No. 23-CF-609 is docketed in this court as case No. 4-23-0825. On this court's own motion, we have consolidated case Nos. 4-23-0822 and 4-23-0825 for disposition.

¶ 8        On September 8, 2023, defendant, who had not been able to secure his release by posting bond, filed a motion for release under the Act. Defendant's motion for pretrial release under the Act was filed in case No. 23-CF-645 on September 8, 2023, as a joint motion with case No. 23-CF-609.

¶ 9        On September 13, 2023, the State, also pursuant to the Act, filed its verified petition to deny defendant pretrial release. In the State's petition, the State set forth the details

regarding the armed robbery with which defendant was charged. The State's petition also included the following description of defendant's criminal conduct regarding the AUUW charges:

> "On 8/17/2023 East Moline detectives were conducting surveillance on [defendant] who had an active warrant for his arrest for Armed Robbery. [Defendant] has a GPS monitor and police were able to locate his person in Moline. Officers watched [defendant] and an unknown female get into a maroon Volvo and leave the area. Officers conducted a stop on the vehicle and took [defendant] into custody, he advised that he had a gun in his waistband. This being a .45cal Springfield XDS bearing serial number S3107119. A valid SW of his home yielded many ghost gun parts and tools for assembly. [Defendant] has no [firearm owner's identification (FOID) card] and no CCL [(concealed-carry license)]."

¶ 10    On September 18, 2023, the trial court conducted a hearing on the respective petitions regarding defendant's pretrial release. At that hearing, the State made a proffer that included the circumstances under which defendant robbed Maxwell Doran of a rifle. Doran met with defendant at a Big 10 Mart in East Moline to sell defendant the rifle. Doran got out of his car to show defendant the rifle he was proposing to sell. When Doran asked to see the money, defendant raised a handgun from his pocket, put it in Doran's face, said he was taking the rifle, and told Doran he better " 'not say shit.' " Doran later positively identified defendant in two photo lineups.

¶ 11    The State also informed the trial court that at the time of this offense, defendant was on GPS "as a material witness in a homicide case."

¶ 12    The State's proffer also included how East Moline detectives were conducting surveillance on defendant on August 17, 2023, because he had an active warrant for his arrest for the armed robbery he allegedly committed on August 1, 2023. Because defendant had a GPS monitor, the police were able to find him and stop the vehicle in which he was riding. He then advised the officers that he had a .45-caliber gun in his waistband.

¶ 13    A subsequent search pursuant to a search warrant of his home yielded many ghost gun parts and tools for assembly. The State also pointed out that defendant had no FOID card and no concealed-carry license.

¶ 14    In conclusion, the State argued that (1) defendant did not have the ability to abide by the law despite being on GPS and (2) there was no less-restrictive alternative than to require that he stay in custody.

¶ 15    Defense counsel in response agreed with the State that "on both matters there are charges which are eligible for detention." However, counsel then argued that the State had not met its burden of proof by clear and convincing evidence that defendant is a real and present threat to the safety of any person or persons or the community. Counsel also argued that the State made no allegation of any further alleged harmful acts between the two dates of these criminal charges or that defendant was in any way combative or failed to cooperate during his apprehension on August 17.

¶ 16    The trial court then ordered defendant detained, explaining as follows:

"Both parties stipulate that he is charged with detainable offenses. Based on the nature and circumstances around both of these offenses and based upon the evidence that being on a GPS did not prevent him from allegedly—and it's clear and convincing evidence—that he did an armed robbery where Court Services

- 4 -

was going to be able to determine exactly where he was. I don't think there's any conditions that I could put on him to ensure the safety of the general public, so he is a danger to the community."

¶ 17 The trial court then advised defendant of his right to appeal. In response, defense counsel informed the court that he would be filing a notice of appeal on defendant's behalf and asked the court to appoint the Office of the State Appellate Defender (OSAD) to be defendant's counsel on appeal. The court granted the motion.

¶ 18                                      II. ANALYSIS

¶ 19 On appeal, defendant argues that the Act does not permit the State to file a petition to deny pretrial release in a case in which a defendant remains in custody after being ordered released on the condition of posting security. Alternatively, defendant argues the trial court erred in finding the State proved by clear and convincing evidence that he posed a safety threat if released that no conditions could mitigate.

¶ 20 We disagree and affirm.

¶ 21                             A. The State's Verified Petition

¶ 22 Defendant contends the trial court erred in denying his pretrial release because the Act does not permit the State to file a petition responding to his motion seeking pretrial release, such that the court lacked authority to consider and grant the State's petition. Relying on section 110-6.1(c) of the Code (725 ILCS 5/110-6.1(c) (West 2022)), defendant insists the State may not file a petition to deny pretrial release except during a defendant's first appearance or upon a defendant's arrest and release. The State asserts the Code allows courts to take the necessary steps to review and revise a defendant's pretrial detention, citing section 110-6(g) (725 ILCS 5/110-6.1(g) (West 2022)).

¶ 23 Defendant acknowledges that he did not preserve this issue for appeal but asserts the plain error doctrine applies.

¶ 24 In *People v. Jones*, 2023 IL App (4th) 230837, ¶¶ 16-24, a case with facts remarkably similar to those of the present case, this court recently addressed this same argument and rejected it. In doing so, this court noted that the Fifth District had reached a different conclusion on—again—similar factual circumstances in *People v. Vingara*, 2023 IL App (5th) 230698, and *People v. Rios*, 2023 IL App (5th) 230724, but we respectfully disagreed with the Fifth District's analysis and conclusion. *Jones*, 2023 IL App (4th) 230837, ¶¶ 18-23. In this case, we will adhere to what we wrote in *Jones* and similarly reject defendant's argument that the State could not file a petition to deny pretrial release in a case in which a defendant remains in custody after being ordered released upon the posting of monetary bail.

¶ 25 We note that in OSAD's memorandum for defendant in support of his Illinois Supreme Court Rule 604(h) (eff. Sept.18, 2023) appeal, OSAD makes no mention of the fact that in both of these consolidated cases defendant filed a motion on September 8, 2023, for release under the Act. His doing so was five days before the State filed its verified petition on September 13, 2023, to deny release to defendant under the Act. Even though—on the particular facts of this case—OSAD's omission of defendant's motion for release makes no difference to our ultimate conclusion, we nonetheless caution OSAD that we expect its statements of facts in support of appeals under Rule 604(h) to be complete and accurate. We will assume that OSAD's failure in this case to mention defendant's filing of his motion for release under the Act was inadvertent.

¶ 26 B. Denial of Pretrial Release

¶ 27 Alternatively, defendant argues the trial court abused its discretion when it denied his pretrial release and asserts the State failed to prove by clear and convincing evidence that he posed a safety threat if released which no conditions could mitigate.

¶ 28 As we observed in *Jones*, 2023 IL App (4th) 230837, ¶ 27, and *People v. Inman*, 2023 IL App (4th) 230864, ¶ 10, "[w]e have historically reviewed bail appeals under Illinois Supreme Court Rule 604(c)(1) (eff. Sept. 18, 2023) using an abuse of discretion standard." Although Rule 604(h), as amended due to the Act, provides a new procedure for these appeals, "the Act neither mandates nor suggests a different standard of review." *Inman*, 2023 IL App (4th) 230864, ¶ 11; see *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8, 147 N.E.3d 756 ("We will review the decision of the trial court [on a motion for review under Rule 604(c)] for an abuse of discretion."). "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful[,] or unreasonable, or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833.

¶ 29 In defendant's argument to this court, he states that he stands on the argument he made in the trial court and asks this court to reverse the trial court's granting of the State's petition to detain. We decline to do so because we find no abuse of discretion in the trial court's decision to deny defendant's release from custody.

¶ 30 We need not repeat the evidence presented to the trial court by the State's proffer. Instead, we will simply note that a court must consider the various factors listed in section 110-6.1(a)(1)-(8), (g) of the Code before concluding whether detention is appropriate. 725 ILCS 5/110-6.1(a)(1)-(8), (g) (West 2022).

¶ 31 Based upon the State's petition and proffer, the trial court ultimately found the State had met its burden by clear and convincing evidence, and the court entered a detention order in accordance with its finding. We conclude that (1) the court sufficiently explained its findings and (2) the court did not abuse its discretion by finding that the State met its burden. We view the trial court's decision as far from "arbitrary, fanciful[,] or unreasonable" or one where "no reasonable person would agree with the position adopted." (Internal quotation marks omitted.) *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 32                                III. CONCLUSION

¶ 33 For the reasons stated, we affirm the trial court's order.

¶ 34 Affirmed.

¶ 35 JUSTICE LANNERD, specially concurring:

¶ 36 I agree with my esteemed colleagues that we should affirm the circuit court's judgment denying defendant pretrial release. However, I write separately because I do not join the analysis contained in paragraphs 24 and 25 of the majority's decision. The State's verified petition in this case was in response to defendant's petition for release. Therefore, pursuant to section 110-7.5 of the Code (725 ILCS 5/110-7.5(b) (West 2022)), defendant would be subject to the procedures for persons charged prior to the Act's effective date.

¶ 37 This case is distinguishable from the factual circumstances in *Vingara* and *Rios*. In those cases, each defendant had monetary bail set and remained in custody prior to the effective date of the Act. After the Act became effective, the State initiated the petition to detain the defendant. In the case before this court, defendant initiated the petition for release, and the State's petition to detain was in response to defendant's petition.

¶ 38    Although *Rios* and *Vingara* are factually distinguishable from this case, those decisions acknowledge, pursuant to section 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)), the State may respond to a defendant's motion. Accordingly, defendant in this case acquiesced to being subject to the Act, and, as noted in *Rios*, he "might be detained without any possibility of pretrial release" after a hearing. *Rios*, 2023 IL App (5th) 230724, ¶ 17; see also *Vingara*, 2023 IL App (5th) 230698, ¶ 22. Based on the facts in this case, the State properly filed a responsive petition to defendant's petition for release.