# Illinois Official Reports

## Appellate Court

---

### *People v. Johnson*, 2019 IL App (3d) 190582

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MACEO JOHNSON, Defendant-Appellant. |
| District & No. | Third District<br>No. 3-19-0582 |
| Filed | October 28, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Will County, Nos. 16-CF-908; the Hon. Sarah-Marie F. Jones, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd and Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>James W. Glasgow, State's Attorney, of Joliet (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Justice Carter concurred in the judgment and opinion.<br>Justice McDade dissented, with opinion. |

¶ 1        The defendant, Maceo Johnson, appeals an order of the circuit court denying his motion for a reduction of his pretrial bail.

¶ 2                                                            FACTS

¶ 3        The defendant was charged on April 20, 2016, by criminal complaint in case No. 16-CF-908 with calculated criminal drug conspiracy, a Class X felony (720 ILCS 570/401(c)(1), 405(a), (b) (West 2016));[1] two counts of attempted unlawful delivery of a controlled substance, Class 2 felonies (720 ILCS 5/8-4(a) (West 2016); 720 ILCS 570/401(c)(1) (West 2016)); two counts of unlawful delivery of a controlled substance (heroin), Class 2 felonies (720 ILCS 570/401(d) (West 2016)); and unlawful delivery of a controlled substance (more than 15 grams of a substance containing heroin), a Class X felony (*id.* § 401(a)(1)(A)). The circuit court set defendant's bail at $6 million (at 10%). Also on April 20, 2016, the defendant was charged by criminal complaint in case No. 16-CF-927 with unlawful possession of a controlled substance with intent to deliver (100 grams or more, but less than 400 grams, of a substance containing heroin), a Class X felony (*id.* § 401(a)(1)(B)) and unlawful possession of a controlled substance (heroin), a Class 4 felony (*id.* § 402(c)). The circuit court set defendant's bail in that case at $500,000 (at 10%). Superseding indictments charging the same crimes were filed on May 5, 2016.

¶ 4        On May 25, 2016, the defendant filed a motion to reduce his bail in both cases pursuant to section 110-6 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6 (West 2016)), arguing that the $6 million and $500,000 bail amounts were oppressive and not considerate of the financial ability of the defendant. On December 15, 2016, the State agreed to *nolle prosequi* the unlawful delivery Class X felony in case No. 16-CF-908. The prior motion to reduce bail was never argued, and an almost identical motion was filed again on February 13, 2018. On February 26, 2018, the circuit court granted the motion to reduce bail, reducing the bail to $2 million, applicable to both cases, with 10% needed to be released from custody. In reducing the bail, the circuit court considered the quality and nature of the evidence expected to be produced at trial, the criminal history of the defendant, and the nature of the charges. The State's offer of proof indicated that the evidence relevant to the first case would show that the defendant was involved in a criminal conspiracy with two other defendants, who had both already pled guilty to the conspiracy. The State would show numerous transactions over a six-month period while under surveillance. With respect to the second case, the State argued that the search warrant challenged by the defendant was a search of the defendant's residence, where 288 grams of heroin were recovered. The State would call an expert at trial who would testify that amount was for an intent to deliver and not for personal use. The circuit court also considered that the defendant was facing mandatory prison sentences if convicted.

¶ 5        The defendant filed another motion to reduce bail on May 2, 2019, which was denied by the circuit court. The circuit court noted that the $2 million bail was appropriate for the nature

---

[1] The criminal complaint and later bill of indictment reference section 401(c)(2) (720 ILCS 570/401(c)(2) (West 2016)) but allege a calculated criminal conspiracy to knowingly and unlawfully deliver more than one gram of a substance containing heroin, which is a violation of section 401(c)(1) (720 ILCS 570/401(c)(1) (West 2016)).

of the offenses alleged to have been committed by the defendant. Then, on July 3, 2019, the defendant filed his first amended verified motion for bail reduction, the denial of which is before this court for review. In denying the motion for a bail reduction, the circuit court found that there had been no change in circumstances since the last bail reduction and the $2 million bail was reasonable based upon the seriousness of the offenses and the defendant's criminal background. The defendant filed a motion for appellate review of the order denying the bail reduction pursuant to Illinois Supreme Court Rule 604(c) (eff. July 1, 2017).

¶ 6                                                                                                        ANALYSIS

¶ 7        The defendant requests that this court review the order denying his bail reduction and reduce his bail to $250,000 (at 10%) or any other amount the court deems reasonable. As in the circuit court, the defendant argues that the $2 million bail is oppressive and not considerate of his financial ability. He contends that his bail is inconsistent with section 110-5(b) of the Code (725 ILCS 5/110-5 (West 2016)) because it is more than is needed to assure compliance with the conditions set forth in the bail bond. The State argues that the bail, under the circumstances, is not oppressive and is necessary to assure compliance and that the defendant's financial ability was only one factor to consider.

¶ 8        The defendant filed a motion for review under Rule 604(c), which governs appeals from a bail order before conviction. We will review the decision of the trial court for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 9        "The Code reflects a strong preference that bail be available to criminal defendants." *Id.* ¶ 13. Criminal defendants are to be released on their own recognizance, with "[m]onetary bail *** set only when it is determined that no other conditions of release will reasonably assure the defendant's appearance in court, that the defendant does not present a danger to any person or the community and that the defendant will comply with all conditions of bond." 725 ILCS 5/110-2 (West 2016). The Bail Reform Act of 2017 amended several bail provisions of the Code in "recognition that the decision-making behind pre-trial release shall not focus on a person's wealth and ability to afford monetary bail but shall instead focus on a person's threat to public safety or risk of failure to appear before a court of appropriate jurisdiction." Pub. Act 100-1 (eff. June 9, 2017). One amendment was the addition of subsection (a-5) to section 110-5 of the Code, which addresses the determination of the amount of bail and conditions of release:

> "There shall be a presumption that any conditions of release imposed shall be non-monetary in nature and the court shall impose the least restrictive conditions or combination of conditions necessary to reasonably assure the appearance of the defendant for further court proceedings and protect the integrity of the judicial proceedings from a specific threat to a witness or participant. *** The court shall consider the defendant's socio-economic circumstance when setting conditions of release or imposing monetary bail." 725 ILCS 5/110-5(a-5) (West 2018).

¶ 10        The circuit court is tasked with determining the amount of bail or any conditions of release that are necessary to reasonably assure the appearance of the defendant, the safety of the community, and the likelihood of compliance with all conditions of bail. *Id.* § 110-5(a). A circuit court considers, based on the available information, *inter alia*, the nature and circumstances of the offense charged; whether the offense involved the use of violence or threatened use of violence; the likelihood of the filing of a greater charge; the likelihood of

conviction; the sentence applicable upon conviction; the weight of the evidence against such defendant; whether there exists motivation or ability to flee; past conduct; whether the evidence shows that the defendant is engaged in significant possession, manufacture, or delivery of a controlled substance, either individually or in consort with others; and whether, at the time of the offense charged, the defendant was on bond or pretrial release pending trial. *Id.*

¶ 11 In support of his motion, the defendant argues that he is 38 years old and has a high school equivalency education. His last felony conviction was in 2009. He has close ties to Illinois, including two teenage children and extended family in Illinois. He owned a business prior to his arrest but now has no income or financial resources. The defendant acknowledges that he is charged with multiple drug-related offenses, including Class X offenses, but the charges do not allege the use of violence or threatened violence. He also challenged some of the evidence in support of those charges.

¶ 12 In reducing the defendant's bail to $2 million, the circuit court considered the quality and nature of the evidence expected to be produced at trial and the criminal history of the defendant, including the facts that the defendant was on mandatory supervised release from a prior felony conviction at the time of the instant offenses and that one of his convictions was for possession of a controlled substance while in prison. The court also considered the nature of the charges and the applicable sentences upon conviction. Those factors, along with the factors cited by the defendant, are all relevant factors to consider under section 110-5(a) of the Code in determining what monetary bail or conditions of release would reasonably assure the appearance of the defendant, the safety of the community, and the likelihood of compliance with all the conditions of bail. *Id.* The circuit court found no change in those circumstances when it denied the defendant's second motion to reduce bail.

¶ 13 The argument can be made that, based upon the defendant's reported circumstances, setting bail at $2 million is a constructive denial of bail. However, while we acknowledge the preference for the least restrictive condition, it is clear the trial court carefully considered all of the factors presented, including the defendant's extensive criminal history, the nature and scale of the currently charged crimes, and the defendant's commission of crimes while incarcerated, as well as his financial circumstances and family connections in this state. Therefore, we cannot say the circuit court abused its discretion when it denied defendant's second motion to reduce bail in this case.

¶ 14                                                   CONCLUSION

¶ 15 The judgment of the circuit court of Will County denying the defendant's motion for a bail reduction is affirmed.

¶ 16 Affirmed.

¶ 17 JUSTICE McDADE, dissenting:

¶ 18 The majority has affirmed the judgment of the Will County circuit court denying defendant, Maceo Johnson's first amended verified motion for bond reduction—his fourth motion seeking such relief. For the reasons that follow, I cannot agree with the majority's decision and, therefore, respectfully dissent.

¶ 19    Johnson was placed in the Will County Adult Detention Facility on April 20, 2016, and has been continuously held there in pretrial detention for more than three years. He has been so held without any evidence of an intent to flee the jurisdiction, the lack of community ties that would encourage him to flee, a financial ability to flee, or a history of failure to appear when expected or required to do so. The crimes with which he has been charged are indeed serious. It is, however, worth noting that one of the Class X felonies has been nol-prossed by the State during this pretrial detention and he is presumed innocent of the remaining charges pending either a contrary determination at a trial or a guilty plea.

¶ 20    It is also significant that the crimes of which he is accused are nonviolent drug offenses. Although the record before us is scant, it does appear to show that his only offenses suggesting violence occurred 21 years ago (aggravated battery at age 17) and 14 years ago (armed robbery at age 24), and we have no indication what level of actual violence was involved in either.

¶ 21    Beyond this, the record reveals that Johnson is 38 years old; is the father of two teenage children; has, in addition to the above criminal history, a history of gainful employment; and has other family in the area, including an uncle who stands ready and able to post up to $50,000, which would satisfy bail up to $500,000 at 10%. He has no personal income and no assets with which to secure bail or to finance flight.

¶ 22    These facts appear to mesh well with the apparent preference of the legislature, evidenced by an express statutory presumption that "conditions of release imposed shall be non-monetary in nature" and that the actual conditions of release be limited to those "necessary to reasonably assure the appearance of the defendant for further court proceedings and protect the integrity of the judicial proceedings from a specific threat to a witness or a participant." 725 ILCS 5/110-5(a-5) (West 2018). Based on the plain language of the statute and the information that has been provided in the record before us, I would (1) find that the trial court abused its discretion, (2) reverse its denial of the motion for bail reduction, and (3) remand the matter with directions that the defendant be excused from monetary bail and the court impose the least restrictive conditions necessary to assure that he will appear for further proceedings and will not jeopardize their integrity by any act or threat of action.