NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 221110-U

NO. 4-22-1110

IN THE APPELLATE COURT

FILED
April 11, 2023
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Logan County |
| BENJAMIN McBROOM, | ) | No. 21CF133 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jonathan C. Wright, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, finding the circuit court did not abuse its discretion in denying defendant's second motion for bail reduction.

¶ 2        The State charged defendant, Benjamin McBroom, with 13 counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)), and the circuit court set bail at $1 million. Defendant filed two motions seeking bail reduction, which the court denied on December 7, 2021, and December 12, 2022, respectively.

¶ 3        On December 27, 2022, defendant filed a verified motion for review pursuant to Illinois Supreme Court Rule 604(c) (eff. July 1, 2017), arguing the circuit court erred in denying his second motion for bail reduction. We affirm.

¶ 4                                   I. BACKGROUND

¶ 5       The State charged defendant with 13 counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2020)). On June 17, 2021, the circuit court set defendant's bail at $1 million. The State subsequently filed superseding indictments alleging the same offenses.

¶ 6       On December 7, 2021, the court denied defendant's first motion for bail reduction, finding the amount was necessary to protect the community, the alleged minor victims, and the codefendant who corroborated the alleged victims' statements. In doing so, the court observed, "[I]t's appropriate to consider the sentence that's applicable *** if [defendant] is found guilty on these offenses with regard to two different children. That is a natural life sentence."

¶ 7       On December 2, 2022, defendant filed a second motion seeking bail reduction, arguing, *inter alia*, the evidence indicating his guilt was circumstantial, the State vindictively prosecuted him, he had no prior criminal convictions, and he was neither a flight risk nor a threat to anyone's safety, and therefore, the court should eliminate his bail and release him on his own recognizance. Defendant insisted existing safeguards—including various orders of protection, temporary orders of protection, and no contact orders against him involving his immediate family, his common-law spouse, and his alleged victims—would sufficiently ensure his compliance with the court's orders.

¶ 8       After a hearing on December 12, 2022, the circuit court denied defendant's second motion. In rendering its decision, the court considered the motion, the parties' arguments, and the factors set forth in section 110-5 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-5 (West 2020)). It emphasized the nature and circumstances of the charged offenses, the weight of the evidence, and the applicable sentence if defendant were convicted. The court

noted defendant faced 13 allegations of predatory criminal sexual assault of a child, his alleged victims made statements against him that were corroborated by his codefendant, and defendant faced "a nonprobationable term of imprisonment of 6 to 60 years in the Department of Corrections and possibly life imprisonment."

¶ 9            On December 27, 2022, defendant filed a verified motion for review pursuant to Rule 604(c), which reiterated the arguments from his second motion for bail reduction and asked this court to reduce or eliminate his bail.

¶ 10           On December 28, 2022, the State filed its response, arguing the nature of the charged offenses was sufficient to justify the bail order. The State further argued each charged offense involved the use, or threatened use, of violence, and defendant might be motivated to flee because he faces Illinois's most severe sentence.

¶ 11           On January 12, 2023, this court, on its own motion, directed the Logan County circuit clerk to prepare and certify the report of proceedings for two relevant hearings not previously included in the record. A supplement to the record was filed on January 20, 2023.

¶ 12           This appeal followed.

¶ 13                              II. ANALYSIS

¶ 14           Defendant argues the bail amount set by the circuit court is excessive and was set without adequate consideration of his financial situation. We review a circuit court's bail determination for an abuse of discretion. *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8, 147 N.E.3d 756; see also *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. "An abuse of discretion occurs where the [circuit] court's decision is arbitrary, fanciful or unreasonable [citation] or where no reasonable person would agree with the position adopted by the [circuit] court." *People v. Becker*, 239 Ill. 2d 215, 234, 940 N.E.2d 1131, 1142 (2010).

¶ 15            "The circuit court is tasked with determining the amount of bail or any conditions of release that are necessary to reasonably assure the appearance of the defendant, the safety of the community, and the likelihood of compliance with all conditions of bail." *Johnson*, 2019 IL App (3d) 190582, ¶ 10 (citing 725 ILCS 5/110-5(a) (West 2018)). When making its decision, a circuit court considers the following factors:

> "[T]he nature and circumstances of the offense charged; whether the offense involved the use of violence or threatened use of violence; the likelihood of the filing of a greater charge; the likelihood of conviction; the sentence applicable upon conviction; the weight of the evidence against such defendant; whether there exists motivation or ability to flee; past conduct; whether the evidence shows that the defendant is engaged in significant possession, manufacture, or delivery of a controlled substance, either individually or in consort with others; and whether, at the time of the offense charged, the defendant was on bond or pretrial release pending trial." *Johnson*, 2019 IL App (3d) 190582, ¶ 10.

¶ 16            Defendant's contention that the circuit court imposed excessive bail resembles the argument raised by the *Johnson* defendant, who insisted the $2 million bail he faced was "oppressive and not considerate of his financial ability." *Johnson*, 2019 IL App (3d) 190582, ¶ 7. While the *Johnson* court acknowledged, "The argument can be made that, based upon the defendant's reported circumstances, setting bail at $2 million is a constructive denial of bail," it affirmed the bail order, finding, "[I]t is clear the [circuit] court carefully considered all of the factors presented." *Johnson*, 2019 IL App (3d) 190582, ¶ 13. We reach the same conclusion here.

¶ 17            The *Johnson* defendant argued his age, education, criminal history, close ties to Illinois, and the evidence supporting the charges against him favored reducing the bail amount.

*Johnson*, 2019 IL App (3d) 190582, ¶ 11. He also noted he owned a business prior to his arrest, but after his arrest he had no income or financial resources. *Johnson*, 2019 IL App (3d) 190582, ¶ 11. The circuit court considered "the quality and nature of the evidence expected to be produced at trial and the criminal history of the defendant," as well as "the nature of the charges and the applicable sentences upon conviction." *Johnson*, 2019 IL App (3d) 190582, ¶ 12. The appellate court found the circuit court did not abuse its discretion when it denied the defendant's motion to reduce bail, finding the circuit court considered the relevant factors under section 110-5 of the Code, "including the defendant's extensive criminal history, the nature and scale of the currently charged crimes, and defendant's commission of crimes while incarcerated, as well as his financial circumstances and family connections in this state." *Johnson*, 2019 IL App (3d) 190582, ¶ 13.

¶ 18        As in *Johnson*, it is clear the circuit court here carefully considered the relevant factors under section 110-5 of the Code, including the nature and circumstances of the charged offenses, the weight of the evidence, and the applicable sentence defendant faces if convicted. See 725 ILCS 5/110-5 (West 2020). The circuit court reviewed defendant's lengthy verified motion for bail reduction and the parties' arguments. The circuit court considered the nature and circumstances of the offenses charged and the State's proffer during the initial bond hearing, which included the alleged minor victims' and codefendant's respective statements indicating these alleged offenses "happened repeatedly over a lengthy period of time." The circuit court also considered "the weight of the evidence, [and] the sentence available upon conviction, *** a nonprobationable term of imprisonment of 6 to 60 years in the Department of Corrections and possibly life imprisonment." Based on these factors, the circuit court determined monetary bail

in the amount of $1 million would reasonably assure defendant's appearance, compliance with bail conditions, and the alleged victims' and codefendant's safety.

¶ 19        Thus, while we acknowledge the preference for the least restrictive bail conditions, the circuit court did not abuse its discretion in denying defendant's verified motion for bail reduction. See *Johnson*, 2019 IL App (3d) 190582, ¶ 13. We cannot find the decision to deny defendant's request for bail reduction was "arbitrary, fanciful or unreasonable" or that "no reasonable person would agree with the position adopted by the [circuit] court," which is necessary to conclude the circuit court abused its discretion. *Becker*, 239 Ill. 2d at 234.

¶ 20                              III. CONCLUSION

¶ 21        For the foregoing reasons, we affirm the circuit court's judgment.

¶ 22        Affirmed.