NOTICE

Decision filed 12/07/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230855-U

NO. 5-23-0855

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 23-CF-612 |
| | ) | |
| DAVID B. LEWIS, | ) | Honorable |
| | ) | Charles C. Hall, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court's order detaining the defendant was not an abuse of discretion where the trial court's determinations were not unreasonable or arbitrary.

¶ 2   The defendant, David B. Lewis, appeals the circuit court of Vermilion County's October 5, 2023, order regarding the defendant's pretrial release pursuant to Public Act 101-642 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

_____

[1]The Act has been sometimes referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or the public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

I. BACKGROUND

¶ 4    The defendant is a convicted felon with convictions that include drug trafficking, mob action, aggravated battery, and unlawful transport of firearms. On October 2, 2023, police responded to a report of a gunshot-like noise and subsequent bullet hole in the reporters' residence wall. Shortly thereafter, the defendant, who was the residents' neighbor, apologized to the residents and stated that he had been cleaning a gun when it accidentally discharged and shot a hole through their walls. Defendant also indicated that he had cut his hand on the gun. Defendant's neighbors saw the cut, and the gun had blood on it. The gun was also reported as stolen.

¶ 5    On October 3, 2023, the defendant was charged by information with four felony counts. Count I alleged unlawful possession of a weapon by a felon convicted of a forcible felony in violation of section 24-1.1(a) of the Criminal Code of 2012 (Code) (720 ILCS 5/24-1.1(a) (West 2022)), a Class 2 felony. Count II alleged unlawful possession of a weapon by a felon convicted of a felony under the Illinois Controlled Substances Act in violation of section 24-1.1(a) of the Code (*id.*), a Class 2 felony. Count III alleged unlawful possession of a weapon by a felon in violation of 24-1.1(a) of the Code (*id.*), a Class 3 felony. Count IV alleged reckless discharge of a firearm in violation of section 24-1.5(a) of the Code (*id.* § 24-1.5(a)), a Class 4 felony. That same day, the State filed a verified petition seeking to deny pretrial release. The State alleged that defendant was charged with a qualifying offense, that he posed a real and present threat to the safety of persons or the community, and that no condition or combination of conditions could mitigate the real and present threat to the safety of persons or the community.

¶ 6    On October 5, 2023, the circuit court held a pretrial detention hearing wherein, after considering the State's proffer and the arguments of counsel, the circuit court entered a written order of detention. In the order, the circuit court found by clear and convincing evidence that

(1) the proof was evident or the presumption great that defendant had committed a qualifying offense; (2) defendant posed a real and present threat to the safety of any person or persons in the community, based upon the specific articulable facts of the case; and (3) no conditions could mitigate the real and present threat to safety. Specifically, the circuit court found that less restrictive conditions would not assure the safety of others due to the following facts: the nature of the charges, which were Class 2, 3, and 4 felonies (with the Class 2 felonies being nonprobationable); defendant was possessing a firearm after being convicted of a forcible felony; defendant recklessly discharged the firearm and endangered an individual's bodily safety; the firearm was reported stolen; some mental health issues had been reported; and defendant had an extensive criminal history—11 prior cases, with some involving weapons.

¶ 7     The defendant timely filed a notice of appeal the following day. After the Office of the State Appellate Defender (OSAD) was appointed to represent defendant in this appeal, OSAD filed a notice "In Lieu of Rule 604(h) Memorandum." Therefore, we need only consider the arguments contained in the defendant's notice of appeal. We now turn to our analysis and additional facts will be included below where necessary.

¶ 8                              II. ANALYSIS

¶ 9     First, we begin our analysis by determining which issues raised by the defendant are properly before us. In his notice of appeal, the defendant only challenges the trial court's finding that the State met its burden in proving the defendant dangerous in that he poses a real and present threat to the safety of other and the community, and that the State met its burden in proving that no condition(s) can mitigate the threat posed. Thus, as to the other issues not raised in the notice of appeal, the defendant has forfeited review as to those points. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited ***.").

¶ 10    Now, having determined the remaining three claims to be sufficiently brought before us pursuant to Rule 604(h), we turn to our analysis of them.

"We have historically reviewed bail appeals under Illinois Supreme Court Rule 604(c)(1) (eff. Sept. 18, 2023) using an abuse of discretion standard. *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. 'An abuse of discretion occurs when the circuit court's decision is "arbitrary, fanciful or unreasonable," or where "no reasonable person would agree with the position adopted by the [circuit] court." ' *Simmons*, 2019 IL App (1st) 191253, ¶ 9 (quoting *People v. Becker*, 239 Ill. 2d 215, 234, 940 N.E.2d 1131, 1142 (2010)); see *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8, 147 N.E.3d 756 ('We will review the decision of the [circuit] court [on a motion for review under Rule 604(c)] for an abuse of discretion.').

Rule 604(h), as amended due to the Act, provides a new procedure for these appeals. See Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023). But the Act neither mandates nor suggests a different standard of review. A defendant appealing under Rule 604(h) may claim the State failed to fulfill its burden by 'clear and convincing evidence.' See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023). However, we are not reviewing the State's evidence anew. Instead, we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion. '[W]e will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of the witnesses.' *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393. Under the Code, the circuit court was invested with the responsibility to consider the various factors listed in section 110-6.1(g) (real and present danger), as well as those in section 110- 6.1(a)(1)-(8) (feasibility of less restrictive conditions) before finding detention to be appropriate. '[I]n reviewing the circuit

4

court's ruling for an abuse of discretion, we will not substitute our judgment for that of the circuit court, "merely because we would have balanced the appropriate factors differently." ' *Simmons*, 2019 IL App (1st) 191253, ¶ 15 (quoting *People v. Cox*, 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547 (1980))." *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11.

¶ 11   The defendant's first remaining claim is that "[t]he State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." The defendant explains his position by stating, "Facts were alleged that at most the defendant (albeit a convicted felon) was at home with a hand gun [*sic*] that fired accidentally. Facts do not arise to the level of present threat to either a specific person or persons or the community."

¶ 12   Under section 110-6.1(g) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(g) (West 2022)), the trial court is provided with several factors to consider in making its decision regarding a defendant's dangerousness. The trial court then analyzes those factors within the context of the specific facts of the case. Again, we review whether the trial court properly considered one of the factors under the abuse of discretion standard. *Inman*, 2023 IL App (4th) 230864, ¶ 11. As a result, "in reviewing the circuit court's ruling for an abuse of discretion, we will not substitute our judgment for that of the circuit court, 'merely because we would have balanced the appropriate factors differently.' " *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 15 (quoting *People v. Cox*, 82 Ill. 2d 268, 280 (1980)).

¶ 13   Here, the trial court explicitly stated it considered and found the following in its order: the nature of the charges, which were Class 2, 3, and 4 felonies (with the Class 2 felonies being nonprobationable); defendant was possessing a firearm after being convicted of a forcible felony;

5

defendant recklessly discharged the firearm and endangered an individual's bodily safety; the firearm was reported stolen; some mental health issues had been reported; and defendant had an extensive criminal history—11 prior cases, with some involving weapons.

¶ 14 Thus, where a felon, with an extensive criminal history involving weapons, is in possession of a stolen weapon, is allegedly cleaning the weapon outside on his porch, and is doing so in a reckless manner wherein the firearm discharges and shoots a projectile into a neighbor's home piercing their walls, we do not find that the trial court's determination is "arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the decision."

¶ 15 The defendant's second claim suffers the same fate. In reaching its determination as to these matters, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. *Id*.

¶ 16 As previously stated in our analysis of the defendant's first claim, the trial court found that a variety of factors supported denial of pretrial release. The record does not refute this. Thus, in light of our review of the record, we find that the trial court's findings were not unreasonable, arbitrary, or fanciful. The trial court contemplated possible conditions that could have been ordered but decided that given the extensive criminal history of this individual, especially the portion involving weapons, the defendant's disregard for the law or safety of others (evidenced by his possession of a stolen firearm while being a convicted felon), and the fact that this dangerous act

6

allegedly occurred at home where the defendant suggests the trial court should have confined him to, these conditions were not viable.

¶ 17                                    III. CONCLUSION

¶ 18    For the foregoing reasons, we find that the trial court did not abuse its discretion in its issuance of the October 5, 2023, order detaining the defendant.


¶ 19    Affirmed.