2024 IL App (1st) 240241-U

FOURTH DIVISION
Order filed: April 18, 2024

No. 1-24-0241B

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 23 CR 12204 |
| | ) | |
| | ) | |
| LUIS MARTINEZ, | ) | Honorable |
| | ) | Joanne F. Rosado, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford concurred in the judgment.
Justice Ocasio specially concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court abused its discretion in denying the defendant pretrial release where the circuit court's findings that the State met its burden of proving by clear and convincing evidence that the defendant poses a real and present threat to the safety of the community is against the manifest weight of the evidence.

¶ 2    The defendant, Luis Martinez, appeals from the circuit court's order of January 24, 2024, denying him pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023).

Commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104 , § 70 (eff. Jan. 1, 2023) . For the reasons which follow, we reverse the order of the circuit court denying the defendant pretrial release.

¶ 3    On October 19, 2023, the defendant was arrested and charged with three counts of unlawful possession/use of a weapon by a felon in violation of 720 ILCS 5/24-1.1(a) (West 2022) and two counts of aggravated unlawful use of a weapon in violation of 720 ILCS 5/24-1.6(a)(1) (West 2022). On January 24, 2024, the State filed a petition seeking a pretrial detention hearing. A hearing on the State's petition was held on January 24, 2024, at which hearing the State made the following proffer.

¶ 4    On October 19, 2024, Chicago police officers observed the defendant driving a car eastbound on Augusta Boulevard. As the officers' vehicle moved closer, they were able to see that the defendant, the sole occupant in his vehicle, was not wearing a seatbelt. The officers observed the defendant reaching into his waistband and appearing to manipulate an object as if placing it underneath his leg. The officers curbed the defendant's vehicle and asked him to step out of the vehicle. He refused. As the defendant moved his hand toward the vehicle's gear shift, one of the officers reached into the vehicle and removed the key from the ignition. The officers opened the defendant's car door and escorted him out of the car. At that point, the officers saw a nine-millimeter handgun on the seat where the defendant had been sitting. An examination of the gun revealed that here was a live round in the chamber. A name check of the defendant revealed

---

[1] The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, and neither appears in the Illinois Compiled Statures or the public act.

that he did not have a firearm owners identification (FOID) card or a concealed carry license (CCL).

¶ 5    The State informed the court that, at the time of his arrest, the defendant was on parole for a 1996 conviction and 50-year sentence for murder. The State also informed the court that the defendant had a 1996 conviction for unlawful possession of a handgun.

¶ 6    In response, the defendant's attorney made the following proffer. The defendant is 44 years old and a resident of Chicago. He lives with his mother, and his girlfriend is expecting a child. For the past two years, the defendant has been working at Trio Logistics as a material handler and forklift operator. The defendant received his GED and has associate degrees in liberal studies and applied science. He also has a certification as a commercial custodian. Prior to his arrest, the defendant was a volunteer at the Pilsen Food Pantry, and while he was in prison, he was a hospice volunteer. The defendant's prior convictions were for offenses committed when he was under 18 years of age. Defense counsel also stated that, from the officer's body-worn video camera, the defendant can be seen attempting to record the officers at the time he refused their command to exit his vehicle. Further, defense counsel represented that the windows of the defendant's vehicle were tinted.

¶ 7    Following the detention hearing, the circuit court denied the defendant pretrial release. The court found that the State had proven by clear and convincing evidence that proof is evident and the presumption is great that the defendant committed the offenses of unlawful use of a weapon by a felon. In its oral rulings, the court noted that, when the defendant's vehicle was curbed, he was seen making movements toward his leg, and when he was removed from the vehicle, a gun was found exactly where the officers claimed that they saw movement. The trial judge also noted

that, at the time of his arrest, the defendant was on parole for murder and had a prior gun-related conviction. The court also found that the defendant poses a real and present threat to the safety of any person or the community and that no condition or combination of conditions of pretrial release can mitigate the real and present threat posed by the defendant. Specifically, the court found that the defendant was the sole occupant of a vehicle stopped by the police and was seen making movements toward his waistband, reaching toward his left leg, and placing an object under his leg. When the defendant was removed from his vehicle, a gun was found on the driver's seat. At the time of his arrest, the defendant was on parole for murder. The circuit court ordered the defendant detained and remanded him to the custody of the Cook County Sheriff pending trial.

¶ 8    On January 29, 2024, the defendant filed a notice of appeal from the circuit court's January 24, 2024, order denying him pretrial release. In that notice of appeal, the defendant argued that:

1.  The State failed to meet its burden of proving by clear and convincing evidence that the proof is evident, and the presumption is great that he committed the offenses charged. In support, the defendant asserted that he made no inculpatory statements, and as of the date of the detention hearing, there was no forensic evidence connecting him the recovered weapon.

2.  The State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community. The defendant asserted that there are no allegations that, in this case, he used or threatened the use of force against any individual or that he injured any individual. He stated that the offense for which he is charged is nonviolent in nature, and the two prior convictions relied upon in support of the circuit court's order were committed 28 years ago when the defendant was a minor.

3.  The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety to any person or persons or the community based on the specific, articulable facts

of the case, or defendant's willful flight. In support, the defendant again asserted that there are no allegations that he used or threatened the use of force against any individual or that he injured any individual involved in this case. He has no recent history of bond forfeiture or escape attempts. He repeated the assertion that the offense for which he is charged is nonviolent in nature, and the two prior convictions relied upon in support of the circuit court's order were committed 28 years ago when he was a minor.

¶ 9 The defendant has elected not to file a memorandum in support of his appeal and, on February 24, 2024, filed a notice in lieu of a memorandum, stating that his notice of appeal adequately communicates his contentions of error.

¶ 10 In considering this appeal, this court has reviewed the following documents which have been submitted pursuant to Illinois Supreme Court Rule 604(h)(2) (eff. Sept. 18, 2023).

- The State's petition for a pretrial detention hearing;
- The circuit court's order denying pretrial release;
- The defendant's supporting record;
- The report of proceedings on January 24, 2024;
- Defendant's Notice of Appeal; and
- The State's response memorandum.

¶ 11 There is no doubt that the State established by clear and convincing evidence that the defendant was a convicted felon at the time of his arrest and was in possession of a loaded handgun in violation of 720 ILCS 5/24-1.1(a) (West 2022), a non-probationable, detainable offense. See 725 ILCS 5/110-6.1(a)(6)(O) (West 2022). We conclude, therefore, that the State met its burden of proving by clear and convincing evidence that the proof is evident, and the presumption is great that the defendant committed the offenses charged. The next question for review is whether the State met its burden of proving by clear and convincing evidence that the defendant poses a real and present threat to the safety the community,

¶ 12     We are mindful of the fact that several judges in the Appellate Court believe that review of a pretrial detention order should be *de novo*. See: *People v. Lee,* 2024 IL App (1st) 232137 ¶ 21; *People v. Saucedo,* 2024 IL App (1st) 232020, ¶ 65 (Ellis, J., specially concurring). We disagree. As was noted by the majority in *Saucedo*, the decision to grant or deny pretrial release involves proof, or the absence thereof, of three propositions. The first two, whether the proof is evident and the presumption is great that the defendant committed the offenses charged and that the defendant poses a real and present threat to the safety of any person or persons or the community, are questions of fact. *Saucedo,* 2024 IL App (1st) 232020, ¶¶ 31, 32. The manifest weight standard applies to the review of factual determinations made by the trial judge. *People v. Finlaw,* 2023 IL App (4th) 220797, ¶ 55. We believe the third proposition, that no condition or combination of conditions can mitigate the real and present threat posed by the defendant, is a matter committed to the discretion of the trial judge based on a weighing of several factors to arrive at a decision that promotes principals of fundamental fairness and effective judicial administration. *Saucedo,* 2024 IL App (1st) 232020, ¶ 36; *People v. Reed,* 2023 IL App (1st) 231834, ¶31.

¶ 13     The abuse of discretion standard of review was applied to circuit court decisions relating to the setting of bond. *People v. Simmons,* 2019 IL App (1st) 191253, ¶ 9; *People v. Johnson,* 2019 IL App (3d) 190582, ¶ 8. We find no reason why the same standard of review should not apply to the circuit court's ultimate decision to either grant or deny pretrial release.

¶ 14     In this case, the defendant, a convicted felon on parole from a 50-year sentence for murder, was apprehended in possession of a loaded handgun. However, there is no evidence that he threatened anyone with the gun, or that, since being placed on parole, the defendant has engaged in any threatening or violent behavior. The uncontradicted assertions of defense counsel

established that the defendant has been employed by the same company for the past two years, he lives with his mother, and was, prior to his arrest, a volunteer at a community food pantry. Nothing other than the evidence supporting the charged offenses and the defendant's status as a parolee support the circuit court's finding that the defendant poses a real and present threat to the safety of t safety the community.

¶ 15    We are not suggesting that the evidence of the charged offense(s) in itself may not support findings both that the defendant poses a real and present threat to the safety of the community and that no condition or conditions of pretrial release could mitigate that danger. In an appropriate case it may. What we are saying is that in this case evidence of the charged offenses and the defendant's status as a parolee are not sufficient, standing alone, to support a finding that the State met its burden of proving by clear and convincing evidence that the defendant poses a real and present threat to the safety of the community. He is charged with nonviolent offenses and there is no evidence that since his release on parole the defendant has engaged in any threatening or violent behavior. We conclude, therefore, that the circuit court's finding that the State met its burden of proving by clear and convincing evidence that the defendant poses a real and present threat to the safety the community is against the manifest weight of the evidence because an opposite conclusion from that reached by the circuit court is clearly apparent. See *People v. Deleon,* 227 Ill.2d 322, 332 (2008).    It follows that, if the State failed to meet its burden of proving that the defendant poses a real and present threat to the safety of the community, the circuit court's denial of pretrial release was an abuse of discretion.

Reversed and remanded.

 ¶ 17  JUSTICE OCASIO, specially concurring:

¶ 18     I have joined my colleagues in the decision but write separately to advocate for a *de novo* standard of review.

¶ 19 While my colleagues note that an "abuse of discretion" standard was previously applied to circuit court decisions relating to the setting of bonds, that should not dictate our endorsement. Justice David Ellis writes persuasively in favor of *de novo* review in considering pretrial detention. See *People v. Whitaker*, 2024 IL App (1st) 232009 ¶¶ 79-138 (Ellis, J., concurring). As he explains, *de novo* review is appropriate given the fundamental interest at stake:

> "A pretrial detention order is fundamentally different from an order that grants release with conditions, no matter how restrictive. Detention is an unconditional deprivation of the accused's 'strong interest in [pretrial] liberty.' *United States v. Salerno*, 481 U.S. 739, 750, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987).  And while the right to pretrial liberty, and thus release, is not absolute, make no mistake: the 'traditional right to freedom before conviction' is a constitutional right, grounded in the constitutional presumption of innocence. *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 96 L.Ed. 3 (1951); see *Salerno*, 481 U.S. at 755, 107 S.Ct. 2095 ('In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.'); *United States v. O'Brien*, 895 F.2d 810, 814 (1st Cir. 1990) (in determining pretrial release, ' "[a] crucial liberty interest is at stake." ') (quoting *United States v. Delker*, 757 F.2d 1390, 1399 (3d Cir. 1985))." *Id.* ¶ 120.

For the above stated reasons, I respectfully suggest a *de novo* standard of review is best for promoting the equitable administration of law.