2024 IL App (1st) 240603-U

FOURTH DIVISION
Order filed: June 13, 2024

No. 1-24-0603B,

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 24110131801 |
| | ) | |
| | ) | |
| MATRICE SMITH, | ) | Honorable |
| | ) | Maryam Ahmad, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not abuse its discretion in denying the defendant pretrial release where the circuit court's finding that no condition or combination of conditions can mitigate the real and present threat to the safety of persons(s) or the community posed by the defendant was not an abuse of discretion.

¶ 2    The defendant, Martice Smith, appeals from the circuit court's order of March 3, 2024, denying him pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023).

No. 1-24-0603B,

Commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1]

See Pub. Act 102-1104 , § 70 (eff. Jan. 1, 2023) . For the reasons which follow, we affirm.

¶ 3     The defendant was arrested on March 2, 2024. On March 3, 2024, the State filed a verified Petition for Pretrial Detention Hearing. A pretrial detention hearing was held on March 3, 2024. At the time of that hearing, the defendant had been charged with 1 count of Armed habitual criminal, 3 counts pf Unlawful Use of a Weapon (UUW) for possession of a machine gun or automatic weapon in a vehicle, 1 count of possession of burglary tools, 2 counts of possession of a controlled substance, and 1 count of criminal trespass to a vehicle. At the detention hearing, the State made the following proffer.

¶ 4     On March 2, 2024, Chicago police officers responded to a call of a person in a vehicle with a firearm. The vehicle was described as a white Maserati and the location was given as a restaurant near 8700 S. Lafayette Ave. When the officers arrived at the stated location, they saw a white Maserati with its headlights on. The officers approached the vehicle and observed 4 men inside of the vehicle sleeping. The defendant was sleeping in the rear seat of the vehicle, holding an assault type rifle in his lap which was later determined to be a fully automatic Anderson AM-15 assault rifle. The rifle was loaded with one round in the chamber. The officers removed all 4 occupants, including the defendant, from the vehicle and took them into custody. From the front passenger floorboard, the officers recovered a gray bag containing two boxes of ammunition, "cords" which are believed to be used to steal vehicles, a quantity of suspected cocaine, a scale,

---

[1] The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, and neither appears in the Illinois Compiled Statures or the public act.

and three switches that are used to render assault rifles fully automatic. The officers learned that the Maserati had been reported stolen at approximately 7:00 a.m. on March 1, 2024.

¶ 5    The State also informed the court that, at the time of the events giving rise to this case, the defendant was on mandatory supervised release from a 2-year sentence for a 2023 conviction of UUW by a felon. The defendant had also been convicted: in 2016 for aggravated battery of a police officer; in 2016 for armed robbery; in 2015 for attempt armed robbery, in 2021 for DUI; and in 2017 for public indecency.

¶ 6    In response, the defendant's attorney argued that the State failed to meet its burden of proving by clear and convincing evidence: that the proof is evident or the presumption great that the defendant has committed the charged offenses; and that the defendant poses a real and present threat to the safety of any person or persons or the community. He noted that the State has not alleged that the defendant used a weapon in this case, and argued that mere possession of a gun does not make a person dangerous.

¶ 7    In mitigation, defense counsel made the following proffer. The defendant is 30 years old, living with his parents in Chicago. He has two children, ages 6 and 8. The defendant regularly attends church with his family. The defendant is a graduate of the Chicago Military Academy and is in school to earn a barber's license. For the last 6 months, he has worked in a factory. The defendant volunteers in his community, doing lawn care and snow shoveling for his elderly neighbors. Defense counsel argued that electronic monitoring would be the least restrictive and most appropriate condition for the defendant's pretrial release.

¶ 8    Following the detention hearing, the circuit court denied the defendant pretrial release and ordered him detained and remanded to the custody of the Cook County Sheriff pending trial. The

court found that the State has shown by clear and convincing evidence that: the proof is evident or the presumption great that the defendant has committed an eligible offense as listed in 725 ILCS 5/110-6.1(a)(1)-(7) (West 2024); the defendant poses a real and present threat to the safety of the community based on the specific articulable facts in this case; and that no conditions or combination of conditions of pretrial release can mitigate the real and present threat posed by the defendant to the safety of the community. In support of its findings, the court recounted the facts of the case as set forth in the State's proffer, the defendant's criminal history, and the fact that he was on mandatory supervised release at the time of the offenses charged. In response to defense counsel's argument that electronic monitoring would be the least restrictive and most appropriate condition for the defendant's pretrial release, the court stated:

> "He's on something worse than electronic monitoring. He has the threat of imprisonment. When you are on parole, mandatory supervised release, you know that any minor infraction can result in the mandatory supervised release being revoked and a prison sentence being instated. And if that is not motivation to not violate the law, there is nothing in my arsenal that I can use to get you to comport with the laws of the State and follow the rules."

¶ 9 On March 18, 2024, the defendant filed a notice of appeal from the circuit court's detention order, asserting that the State failed to meet its burden of showing by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community posed by him. The defendant made no argument addressed to the circuit court's findings that the State has shown by clear and convincing evidence both that the proof is evident or the presumption great that he has committed a detainable offense, and that he poses a real and present threat to the safety of any person or persons or the community.

¶ 10 In considering this appeal, this court has reviewed the following documents which the defendant and the State of Illinois have submitted pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023):

- Defendant's Notice of Pretrial Fairness Act Appeal,
- Defendant's supporting record,
- Report of proceedings on March 3, 2024,
- Defendant's notification that he will not file a supporting memorandum, and
- The State's Response to the Defendant's Appeal

¶ 11 Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)). Pursuant to that statute, a defendant's pretrial release may only be denied in certain limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2024). Upon the filing of a petition requesting an order denying the defendant's pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community and/or that the defendant's pretrial detention is necessary to prevent the defendant's willful flight to avoid prosecution. 725 ILCS 5/110-6.1(e),(f) (West 2024). It is also the State's burden to prove by clear and convincing evidence that "no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." 725 ILCS 5/110-6(a) (West 2024). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and concludes that the defendant poses a real and present threat to the safety of any person or the community (725 ILCS 5/110-6.1(a)(1)-(7) (West 2022)) or that there is a high

likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8) (West 2022)). If the trial court determines that pretrial detention is not appropriate, it may impose conditions "necessary to ensure the defendant's appearance in court, ensure the defendant does not commit any criminal offense, [or] ensure the defendant complies with all conditions of pretrial release." 725 ILCS 5/110-10(b) (West 2024).

¶ 12    As the defendant has made no argument addressed to the circuit court's findings that the State has shown by clear and convincing evidence both that the proof is evident or the presumption great that he has committed a detainable offense and that he poses a real and present threat to the safety of any person or persons or the community, we address only his argument addressed to the circuit court's finding that the State met its burden of showing by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat he poses to the safety of any person or persons or the community.

¶ 13    We are mindful of the fact that several judges in the Appellate Court believe that review of a pretrial detention order should be *de novo*. See: *People v. Lee,* 2024 IL App (1st) 232137 ¶ 21; *People v. Saucedo,* 2024 IL App (1st) 232020, ¶ 65 (Ellis, J., specially concurring). We disagree. As was noted by the majority in *Saucedo*, the decision to grant or deny pretrial release involves proof, or the absence thereof, of three propositions. The first two, whether the proof is evident and the presumption is great that the defendant committed the offenses charged and that the defendant poses a real and present threat to the safety of any person or persons or the community, are questions of fact. *Saucedo,* 2024 IL App (1st) 232020, ¶¶ 31, 32. The manifest weight standard applies to the review of factual determinations made by the trial judge. *People v. Finlaw,* 2023 IL App (4th) 220797, ¶ 55. We believe the third proposition, that no condition or combination of

conditions can mitigate the real and present threat posed by the defendant, is a matter committed to the discretion of the trial judge based on a weighing of several factors to arrive at a decision that promotes principals of fundamental fairness and effective judicial administration. *Saucedo,* 2024 IL App (1st) 232020, ¶ 36; *People v. Reed,* 2023 IL App (1st) 231834, ¶31.

¶ 14   The abuse of discretion standard of review was applied to circuit court decisions relating to the setting of bond. *People v. Simmons,* 2019 IL App (1st) 191253, ¶ 9; *People v. Johnson,* 2019 IL App (3d) 190582, ¶ 8.  We find no reason why the same standard of review should not apply to the circuit court's ultimate decision to either grant or deny pretrial release.

¶ 15   Based upon the State's proffer, including the facts leading to the defendant's arrest, his criminal history, and the fact that the defendant was on mandatory supervised release from a 2 year sentence for a 2023 conviction of UUW by a felon at the time of the events leading to the charges against the him in this case, this Court finds that the circuit court did not abuse its discretion in denying the defendant pretrial release based on its finding that no condition or combination of conditions can mitigate the real and present threat posed by the defendant.

¶ 16   The defendant, while on mandatory supervised release, was apprehended in a stolen vehicle in possession of a loaded, fully automatic assault rifle.   In addition to his 2023 UUW conviction, the defendant has been convicted of aggravated battery of a police officer, armed robbery, and attempt armed robbery.  He is clearly a recidivist with a history of violent crime.  We agree with the circuit court's conclusion that, if the defendant's propensity for criminal behavior was not deterred by the possibility of imprisonment if he violated his supervised release, no condition or combination of conditions of pretrial release can mitigate the real and present threat posed by the defendant to the community.

No. 1-24-0603B,

¶ 17    Based on the foregoing analysis, we affirm the circuit court's order of March 3, 2024, denying the defendant pretrial release and ordering him detained in the custody of the Cook County Sheriff pending trial.

¶ 18    Affirmed.