NOTICE
Decision filed 12/12/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 230940-U

NO. 5-23-0940

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Douglas County. |
| | ) | |
| v. | ) | No. 23-CF-199 |
| | ) | |
| ERVIN F. PLANK, | ) | Honorable |
| | ) | Kate D. Watson, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Welch and Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court's order detaining the defendant was not an abuse of discretion where the circuit court's determinations were not unreasonable or arbitrary.

¶ 2    The defendant, Ervin F. Plank, appeals the circuit court of Douglas County's October 16, 2023, order regarding the defendant's pretrial release pursuant to Public Act 101-642 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).

_____

[1]The Act has been sometimes referred to as the "SAFE-T Act" or the "Pretrial Fairness Act." Neither name is official, as neither appears in the Illinois Compiled Statutes or the public act. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

1

¶ 3                                 I. BACKGROUND

¶ 4     On October 13, 2023, the defendant was charged by information with six counts, including two counts of predatory criminal sexual assault of a child (a Class X felony (720 ILCS 5/11-1.40(b) (West 2022)), which has a maximum penalty of 60 years' incarceration), two counts of criminal sexual assault, and two counts of aggravated criminal sexual abuse, committed over a four-year period between June 1, 2010, and April 15, 2014. The information charged the defendant with placing his penis in the mouth and vagina of the minor for the purpose of sexual gratification. The pretrial investigation report indicated that the defendant had a criminal history of two counts of driving on a suspended license and possession of liquor in public by a minor. He was 43 years old and lived with his wife in Arthur, Illinois, along with their eight children, four of whom were minors.

¶ 5     On October 16, 2023, the defendant was arrested, and the State filed a timely petition to deny defendant pretrial release. The same day, the circuit court held a pretrial detention hearing wherein, after considering the State's proffer, which included evidence that the defendant admitted to prolonged sexual contact with the minor victim, his daughter, over a period of years while she was under the age of 13 (this admission was corroborated by the victim), and the arguments of counsel, the circuit court entered a written order of detention. We note further that the order was entered after the circuit court considered and heard argument from the defendant's counsel regarding a pretrial risk assessment which indicated that the defendant was estimated to have a low risk of failure if allowed pretrial release.

¶ 6     In the order, the circuit court found by clear and convincing evidence that (1) the proof was evident or the presumption great that defendant had committed a qualifying offense; (2) defendant posed a real and present threat to the safety of any person or persons in the community, based upon

the specific articulable facts of the case; and (3) no conditions could mitigate the real and present threat to safety. Specifically, the circuit court found that less restrictive conditions would not assure the safety of others due to the following facts: the nature of the charges, which were "predatory criminal sexual assault, Non probationable if convicted"; the sex offense involved minor children and that minor children lived in the home the defendant would return to; the alleged victim was "very young & unable to protect herself" and "reluctant to report if/when inappropriate conduct occurs"; and that the conduct occurred over a period of time and was not reported, therefore, there are "concerns about potential victims & ability to report."

¶ 7    The defendant timely filed a notice of appeal later that day. We now turn to our analysis and additional facts will be included below where necessary.

¶ 8                                 II. ANALYSIS

¶ 9    In his notice of appeal, the defendant raises three challenges to the trial court's findings. First, that the State failed to meet its burden of proving the defendant dangerous in that he poses a real and present threat to the safety of others and the community. Second, that the State failed to meet its burden of proving that no condition or conditions can mitigate that threat or defendant's willful flight. Third, that no condition or conditions would reasonably ensure the appearance of the defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor, and that the State met its burden in proving that no condition(s) can mitigate the threat posed.

¶ 10          "We have historically reviewed bail appeals under Illinois Supreme Court Rule
                604(c)(1) (eff. Sept. 18, 2023) using an abuse of discretion standard. *People v. Simmons*,
                2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833. 'An abuse of discretion occurs when the
                circuit court's decision is "arbitrary, fanciful or unreasonable," or where "no reasonable

3

person would agree with the position adopted by the [circuit] court." ' *Simmons*, 2019 IL App (1st) 191253, ¶ 9 (quoting *People v. Becker*, 239 Ill. 2d 215, 234, 940 N.E.2d 1131, 1142 (2010)); see *People v. Johnson*, 2019 IL App (3d) 190582, ¶ 8, 147 N.E.3d 756 ('We will review the decision of the [circuit] court [on a motion for review under Rule 604(c)] for an abuse of discretion.').

Rule 604(h), as amended due to the Act, provides a new procedure for these appeals. See Ill. S. Ct. R. 604(h) (eff. Sept. 18, 2023). But the Act neither mandates nor suggests a different standard of review. A defendant appealing under Rule 604(h) may claim the State failed to fulfill its burden by 'clear and convincing evidence.' See Ill. S. Ct. R. 604(h)(1)(iii) (eff. Sept. 18, 2023). However, we are not reviewing the State's evidence anew. Instead, we are reviewing the circuit court's evaluation of that evidence for an abuse of discretion. '[W]e will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence or the credibility of the witnesses.' *People v. Vega*, 2018 IL App (1st) 160619, ¶ 44, 123 N.E.3d 393. Under the Code, the circuit court was invested with the responsibility to consider the various factors listed in section 110-6.1(g) (real and present danger), as well as those in section 110-6.1(a)(1)-(8) (feasibility of less restrictive conditions) before finding detention to be appropriate. '[I]n reviewing the circuit court's ruling for an abuse of discretion, we will not substitute our judgment for that of the circuit court, "merely because we would have balanced the appropriate factors differently." ' *Simmons*, 2019 IL App (1st) 191253, ¶ 15 (quoting *People v. Cox*, 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547 (1980))." *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11.

4

¶ 11    The defendant's first claim is that "[t]he State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case." The defendant explains his position by stating, "THE STATE PRESENTED ONLY THE 6-COUNT INFORMATION, AND LIMITED TESTIMONY ABOUT DCFS SAFETY PLAN. ARGUED THAT THE OFFENSES CHARGED THEMSELVES WARRANTED DENIAL OF PTRETRIAL [*sic*] RELEASE. MOST RECENT OFFENSE CHARGED IS ALMOST 10 YEARS OLD, WITH NO CONDUCT ALLEGED SINCE."

¶ 12    Under section 110-6.1(g) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1(g) (West 2022)), the trial court is provided with several factors to consider in making its decision regarding a defendant's dangerousness. The trial court then analyzes those factors within the context of the specific facts of the case. Again, we review whether the trial court properly considered one of the factors under the abuse of discretion standard. *Inman*, 2023 IL App (4th) 230864, ¶ 11. As a result, "in reviewing the circuit court's ruling for an abuse of discretion, we will not substitute our judgment for that of the circuit court, 'merely because we would have balanced the appropriate factors differently.' " *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 15 (quoting *People v. Cox*, 82 Ill. 2d 268, 280 (1980)).

¶ 13    One of the factors listed in the statute is "whether the offense is a crime of violence, involving a weapon, or a *sex offense*." (Emphasis added.) 725 ILCS 5/110-6.1(g)(1) (West 2022). Here, the offense is a sex offense, more specifically, predatory criminal sexual assault of a child. The factors for determining whether the defendant poses a real and present threat to any person are not limited to the factors listed above. As such, the following findings were also considered as a basis for denying defendant pretrial release: (1) other minor children live in the home that

defendant would return to, (2) the alleged victim was very young and unable to protect herself, and (3) the conduct occurred over a long period of time and was not reported.

¶ 14 The defendant contends that outside of the recent sexual assault charges the defendant does not have a significant criminal history and the alleged crimes took place nearly 10 years prior without allegations of any recent wrongdoing. Thus, essentially, the defendant asks us to reweigh the evidence and substitute our judgment for that of the circuit courts, which we will not do. See *Simmons*, 2019 IL App (1st) 191253, ¶ 15 (quoting *Cox*, 82 Ill. 2d at 280). Based upon the evidence put forth by the State contained in our record, specifically, that the defendant admitted to sexually assaulting his own preteen daughter over the course of four years, we do not find that the trial court's dangerousness determination is "arbitrary, fanciful, or unreasonable, or where no reasonable person would agree with the decision."

¶ 15 The defendant's second and third claims regarding the State's failure to meet its burden regarding available conditions and release suffer the same fate. In reaching its determination as to these matters, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. *Id*.

¶ 16 As previously stated in our analysis of the defendant's first claim, the trial court found that a variety of factors supported denial of pretrial release instead of imposing release with certain conditions. The record does not refute this. Therefore, in light of our review of the record, we find that the trial court's findings were not unreasonable, arbitrary, or fanciful. The record demonstrates

that the trial court contemplated possible conditions that could have been ordered but decided that given that the defendant could "come and go from the residence" where minor children reside; that DCFS had in place a "very loose" safety plan that allowed the defendant access to minor children in a private setting; the alleged crimes went unreported for years; the alleged victim was very young and unable to report; that ultimately these acts occurred in the family home, and were perpetrated against his own child; and that four minors continue to reside at that residence, these conditions were not viable.

¶ 17    Additionally, while we acknowledge the defendant's argument that his pretrial risk assessment may have indicated that the use of pretrial conditions was estimated to have a low risk of failure, this estimate does not interfere with a circuit court's ability to deny defendant pretrial release. In determining the conditions of pretrial release, the Code states that "[t]he court *may* use a regularly validated risk assessment tool to aid its determination of appropriate conditions of release." (Emphasis added.) *Id.* § 110-5(b). The use of such a tool is not a requirement, and an estimated low risk shall not be determinative. As expressly stated on page five of the applicable pretrial risk assessment instrument used in this matter, "This assessment is not intended to interfere with judicial decision making but rather to offer information about how other defendants who scored similarly succeeded while on pretrial release." Therefore, we reiterate that where a risk assessment indicates a lower risk for failure of someone in a similar situation as a defendant for the assessment factors used, circuit judges are able to use their discretion and make their own decision based on the facts of the case presented.

¶ 18                                III. CONCLUSION

¶ 19    For the foregoing reasons, we find that the trial court did not abuse its discretion in its issuance of the October 16, 2023, order detaining the defendant.

¶ 20    Affirmed.